IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:11CV88-RLV-DSC

| | |
|---|---|
| DEBORAH E. MESSER,<br>   Plaintiff,<br><br>  vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security Administration,<br>   Defendant. | **MEMORANDUM AND RECOMMENDATION<br>OF REMAND** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #8) and "Memorandum in Support ..." (document #9), both filed December 1, 2011; and the Defendant's "Motion for Summary Judgment" (document #12) and "Memorandum in Support..." (document #13), both filed March 14, 2012. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned finds that Defendant's decision to deny Plaintiff Social Security disability benefits is <u>not</u> supported by substantial evidence. Accordingly, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be <u>granted</u>; that Defendant's Motion for Summary Judgment be <u>denied</u>; that the Commissioner's decision be <u>reversed</u>, and that this matter be <u>remanded</u> for further proceedings consistent with this Memorandum and Recommendation.

**I. <u>PROCEDURAL HISTORY</u>**

Plaintiff filed her application for a period of disability and Supplemental Security Income ("SSI") on May 7, 2004, initially alleging that she became disabled on December 31, 1990. (Tr. 74-

78). Plaintiff's application was denied initially and on reconsideration. A hearing was held on July 9, 2007 (Tr. 31-51).

On January 11, 2008, the Administrative Law Judge ("ALJ") concluded that Plaintiff was not disabled through the date of his decision (Tr. 13-28). The Appeals Council denied Plaintiff's request for review on May 13, 2008, making the ALJ's determination the final decision of the Commissioner (Tr. 5-7).

Plaintiff appealed to the United States District Court for the Western District of North Carolina. Upon motion by the Commissioner, the Court remanded the case for further administrative proceedings on August 17, 2009. (Tr. 361-362). On September 24, 2009, the Appeals Council vacated the final decision of the Commissioner and remanded the case to the ALJ with instructions to: (1) obtain medical expert testimony to clarify the nature and severity of the impairments; (2) evaluate all the opinion evidence of record, including those of the non-examining and treating sources, and explain the weight afforded to each opinion; (3) reassess the Residual Function Capacity ("RFC") describing how the evidence of record supports that finding; and (4) obtain evidence from a vocational expert ("V.E.") to clarify the effect of the assessed limitations on the occupational base (Tr. 368-369). A new hearing was held by the ALJ on July 22, 2010, and evidence was received from a medical expert and a vocational expert. (Tr. 470-492).

On August 24, 2010, the ALJ issued a decision denying Plaintiff benefits. (Tr. 333-349). In his decision, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of her application. The ALJ also found that Plaintiff suffered from lumbar disc disease, chronic obstructive pulmonary disorder, osteopenia, and diabetes mellitus, which were severe impairments within the meaning of the regulations, but did not meet or equal any listing in 20 C.F.R.

Pt. 404, Subpt. P, App. 1. The ALJ found that Plaintiff retained the RFC[1] to perform light[2] work but must avoid concentrated exposure to respiratory irritants such as fumes, odors, dusts, and gases. (Tr. 346). The ALJ also found that Plaintiff had no past relevant work. As Plaintiff points out in her brief, the ALJ then erroneously stated that in reliance on the V.E.'s testimony, he concluded that there were significant numbers of jobs in the national economy that Plaintiff could perform and that therefore, she was not disabled. The ALJ did not question the V.E. about Plaintiff's ability to perform other work (Tr. 349, 489-490).

By notice dated May 18, 2011, the Appeals Council denied Plaintiff's request for further administrative review.

Plaintiff filed the present action on June 28, 2011. Plaintiff argues that substantial evidence does not support the ALJ's decision because he did not elicit testimony from the V.E. regarding the work available in the national economy as stated in his decision. Plaintiff's "Memorandum in Support ..." at 7-14 (document #9). The parties' cross dispositive Motions are ripe for disposition.

---

[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[2] "Light" work is defined in 20 C.F.R. § 404.1567(b) as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483

F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became "disabled" at any time, as that term of art is defined for Social Security purposes.[3] Defendant invites the Court to speculate that the ALJ would have determined that the Medical-Vocational Guidelines directed a finding of "not disabled" even absent any V.E. testimony. To the contrary, the ALJ expressly stated that such a determination was inappropriate due to Plaintiff's "additional limitations." (Tr. 349). As stated above, it is not the place of a reviewing court to reconsider the evidence. See Hays, 907 F.2d at 1456.

The ALJ's conclusion that Plaintiff could perform a significant number of jobs in the national economy is not supported by substantial evidence. At the next hearing, the ALJ should solicit V.E. testimony at that step of his determination.

### IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion For Summary Judgment" (document #8) be **GRANTED**; that Defendant's "Motion for Summary Judgment" (document #12) be **DENIED**; that the Commissioner's decision

---

[3]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

be **REVERSED**; and this matter be **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[4]

### V.  NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same.  Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).  Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Richard L. Voorhees.

**SO RECOMMENDED AND ORDERED**.

Signed: March 19, 2012

David S. Cayer
United States Magistrate Judge

---

[4] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).