IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:11-CV-00088-RLV-DSC

| | |
|---|---|
| DEBORAH E. MESSER, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) **MEMORANDUM AND ORDER**<br>) |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

**THIS MATTER** is before the Court on the parties' cross-motions for summary judgment. (Docs. 8, 12.)

Pursuant to 28 U.S.C. § 636(b)(1)(B) and the standing order of designation, the Court referred the aforesaid motions to United States Magistrate Judge David S. Cayer for recommended disposition. In an opinion filed on March 19, 2012, the Magistrate Judge recommended that Plaintiff's Motion for Summary Judgment be granted, that Defendant's Motion for Summary Judgment be denied, that the Commissioner's decision be reversed, and that this matter be remanded for further proceedings consistent with the Memorandum and Recommendation ("M & R"). (Doc. 14.) On March 22, 2012, Defendant filed its Objection to the M & R. (Doc. 15.) The objection raised by Defendant is deemed timely and is considered herein.

## I. INTRODUCTION

Neither party has objected to the Magistrate Judge's statement of the factual and procedural history of this case; thus, the Court adopts the facts as set forth in the M & R. (Doc. 15 at 1–3.)

1

## II. STANDARD OF REVIEW

The Federal Magistrate Act provides that a district court shall make a de novo determination of those portions of a magistrate judge's report or specific proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1)(2009); *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983). The Court's review of the Commissioner's final decision is limited to the following two issues: whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. *See* 42 U.S.C. § 405(g) (2010); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). So long as a reasonable mind might accept as adequate the evidence in support of the Commissioner's decision, the Court should not reweigh the evidence or substitute its judgment for that of the Commissioner. *Hays*, 907 F.2d at 1456 (4th Cir. 1990); *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

## III. DISCUSSION

The question before the Administrative Law Judge (ALJ) was whether Plaintiff became "disabled," as that term of art is defined for Social Security purposes, prior to her last date insured.[1] Applying the Social Security Administration's five-step, sequential evaluation process, the ALJ determined at steps one and two that Plaintiff had not engaged in substantial gainful activity since the date of her employment and suffered a number of severe impairments.

---

[1] Under the Social Security Act, 42 U.S.C. § 301, *et seq.*, the term "disability" as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .

*Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

However, the ALJ further determined that such impairments did not meet or equal any listing in 20 C.F.R. pt. 404, subpt. P, app. 1; that, notwithstanding her impairments, Plaintiff had the residual functional capacity ("RFC") to perform "light" work, as defined in 20 C.F.R. § 404.1567(b), but with some limitations regarding exposure to respiratory irritants; that Plaintiff had no past relevant work as she has "only worked jobs in the remote past for short periods of time"; and at step five that Plaintiff is "capable of making a successful adjustment to other work that exists in significant numbers in the national economy" in light of "the testimony of the vocational expert" and "the claimant's age, education, work experience, and [RFC]," rendering a finding of "not disabled" appropriate. (Tr. 349.)

In making this final determination, the ALJ did not question the Vocational Expert ("VE") about Plaintiff's ability to perform work, instead briefly inquiring only about Plaintiff's past relevant work. (Tr. 489–90) (verifying that Plaintiff has no past relevant work). Plaintiff here argues that substantial evidence does not support the ALJ's decision because the ALJ did not elicit testimony from the VE regarding the work available in the national economy, as was stated in that decision. As noted by the Magistrate Judge, Defendant here invites the Court to speculate that the ALJ would have determined that the Medical-Vocational Guidelines directed a finding of "not disabled" even absent any VE testimony.

Plaintiff has demonstrated the presence of a nonexertional impairment, which affects her RFC to perform certain work of which she is exertionally capable.[2] (Doc. 15 at 4) (conceding that "the ALJ's decision states that Plaintiff's ability to perform substantially all of the requirements

---

[2] That is, Plaintiff "must avoid concentrated exposure to respiratory irritants such as fumes, odors, dusts, gases, etc." (Tr. 346; Doc. 15 at 5.)

of light work was impeded by additional limitations"); (Tr. at 349) ("If the claimant had the [RFC] to perform the full range of light work, a finding of 'not disabled' would be directed by Medical-Vocational Rule 202.20. However, the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations."); *see* 20 C.F.R. § 220.135 (classifying limitations as "exertional" if they "affect the claimant's ability to meet the strength demands of jobs" and as "nonexertional" if they affect the claimant's ability to meet demands of jobs other than the strength demands, "that is, demands other than sitting, standing, walking, lifting, carrying, pushing or pulling"). Therefore, as to light work, the Commissioner is "required to prove by expert vocational testimony that, despite [Plaintiff's] combination of nonexertional and exertional impairments, specific jobs exist in the national economy which [Plaintiff] can perform." *Grant v. Schweiker*, 699 F.2d 189, 192 (4th Cir. 1983) (precluding sole reliance on the Medical-Vocational Guidelines where the nonexertional limitation rises to the level that it affects the claimant's RFC to perform certain work despite having the exertional capacity to do so).

However, the ALJ further noted that Plaintiff's nonexertional limitation is not a significant impairment relative to *sedentary* work. (Tr. 349) ("A restriction from exposure to respiratory irritants does not significantly erode the sedentary occupational base." (citing SSR 85-15 ("Where a person has a medical restriction to avoid excessive amounts of noise, dust, etc., the impact on the broad world of work would be minimal because most job environments do not involve great noise, amounts of dust, etc.")))); *cf. Smith v. Schweiker*, 719 F.2d 723, 725 (4th Cir. 1984) (emphasizing that because "not every malady of a 'nonexertional' nature rises to the level of a 'nonexertional impairment,'" the "proper inquiry, under *Grant*, is whether a given

4

nonexertional condition affects an individual's residual functional capacity to perform work of which he is exertionally capable"); *Rogers v. Barnhart*, 204 F. Supp. 2d 885, 896 (W.D.N.C. 2002) (deeming appropriate the ALJ's use of the Medical-Vocational Guidelines as a framework for his decision because the claimant's ability to perform sedentary work was not reduced by her nonexertional limitations). Therefore, the Commissioner may meet his burden "to produce evidence that other jobs exist in the national economy that the claimant can perform" through use of VE testimony *or* the Medical-Vocational Guidelines. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992); *see Grant*, 699 F.2d at 192.

Here, however, the ALJ expressly stated that he based his step-five determination on VE testimony—testimony which was not in fact offered—rather than the Medical-Vocational Guidelines. (Tr. 349, 489–90.) The Commissioner argues this error was harmless "because Plaintiff's additional limitations did not significantly erode her ability to perform light, unskilled work." (Doc. 15 at 4.) To the contrary, the ALJ's decision indicates that Plaintiff's limitations may have significantly eroded her ability to perform light work, and as a result, the ALJ turned his attention to the sedentary occupational base. Nonetheless, the ALJ did find that Plaintiff's nonexertional limitations did not significantly erode Plaintiff's ability to perform *sedentary* work, even skilled or semiskilled. (Tr. 349) (referencing 20 C.F.R. pt. 404, subpt. P, app. 2, § 202.20). Moreover, the ALJ referenced the Medical-Vocational Guidelines when discussing "light work," a category within which "sedentary work" is subsumed, 20 C.F.R. pt. 404, subpt. P, app. 2, § 202.00(a), and thus it is reasonable to assume that the ALJ had these Guidelines in mind when finding Plaintiff to be "not disabled."

Regardless, the Court rejects the Commissioner's harmless-error argument. A reviewing

5

court "must judge the propriety of [agency] action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be the more adequate or proper basis." *Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947). Here, the ALJ based his conclusion on the testimony of the VE, not on the Medical-Vocational Guidelines; to rely exclusively on the Guidelines now would be to review Plaintiff's benefits claims on grounds different than those invoked by the agency. "Indeed, Defendant has cited no case where a court applied the Medical-Vocational Guidelines to find harmless error when the underlying agency decision was not also based on the Guidelines." *Martinez v. Comm'r of Soc. Sec.*, 692 F. Supp. 2d 822, 826 (N.D. Ohio 2010) (rejecting the Commissioner's similar harmless-error arguments).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 8) be **GRANTED**; that Defendant's Motion for Summary Judgment (Doc. 12) be **DENIED**; that the Commissioner's decision be **REVERSED**; and this matter be **REMANDED** for a new hearing pursuant to the fourth sentence of 42 U.S.C. § 405(g).[3]

Signed: December 14, 2012

Richard L. Voorhees
United States District Judge

---

[3] Sentence four authorizes "a judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).